year term. The defendant was sentenced in accordance with the agreement. He waived a presentence report.

The defendant contends that his sentence was excessive.

In reviewing the sentence imposed by the trial court, the appellate court is to determine whether the trial court exercised proper discretion in imposing sentence. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673; *People v. White*, 22 Ill.App.3d 180, 317 N.E.2d 323.) The sentence imposed in the instant case was entered in accordance with a plea agreement. The defendant received what he bargained for. The offense was serious, a Class 2 felony. Only a few months had elapsed since the defendant had been placed on probation for two prior forgery convictions. For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

EBERSPACHER and G. MORAN, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRUCE HARGRAVE, Defendant-Appellant.

(No. 74-267; )

Fifth District—June 10, 1975.

Opinion by Mr. JUSTICE KARNS.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert E. Murphy, State's Attorney, of Waterloo (Bruce D. Irish and James W. Jerz, both of Illinois State's Attorneys Association, of counsel), for the People.