THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JONATHON K. BURTON, Defendant-Appellant.

Third District   Nos. 3—87—0293, 3—87—0294 cons.

Opinion filed January 4, 1988.—Modified opinion filed February 11, 1988.

Verlin R. Meinz and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Gerald P. Ursini and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Jonathon K. Burton, was charged in one case with armed robbery and unlawful use of weapons, and in a separate case with disarming a police officer, attempted escape and unlawful use of weapons. On March 13, 1986, following a consolidated hearing, the trial court found the defendant unfit to stand trial and placed him with the Department of Mental Health and Developmental Disabilities (the Department). On March 19, 1987, the court found that the defendant continued to be unfit.

On May 1, 1987, the trial court conducted a discharge hearing pursuant to section 104—25 of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 104—25). After hearing evidence, the court found sufficient proof of the defendant's guilt of armed robbery and disarming a police officer, but insufficient evidence of attempted escape or unlawful use of weapons. The court then remanded the defendant to the custody of the Department. The court ordered that the defendant undergo treatment for up to an additional two years on the armed robbery charge and up to an additional 15 months on the disarming an officer charge. The defendant appeals.

■ The sole issue on appeal is whether the extension period for the defendant's treatment must be reduced. The defendant notes that he was involved in treatment from the original March 13, 1986, finding of unfitness until the time of his discharge hearing on May 1, 1987, a period of one year plus 49 days. The defendant then argues that pursuant to section 104—25(d)(1) of the Code, upon a finding of "non acquittal" a court may extend the initial one-year treatment period only for up to an additional two years when the most serious charge sustained is a Class X felony, such as armed robbery, and 15 months when the most serious charge sustained is a Class 2 felony, such as disarming a police officer. The defendant asserts that his treatment period was erroneously extended 49 days beyond the statutory limit and urges this court to reduce each extension period accordingly.

The State argues that the defendant has waived this issue for failing to object at the discharge hearing. However, for reasons we will set forth, the court lacked authority to order treatment beyond the statutory limits, and consequently, the order may be attacked at any time. See *People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298.

■ The provisions for handling criminal defendants found unfit to stand trial are set forth in article 104 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 104—10 *et seq.*). In a fitness hearing, if the court

determines that a defendant is unfit to stand trial, the court has the authority to place him in the Department's custody for treatment. (Ill. Rev. Stat. 1985, ch. 38, pars. 104—16, 104—17.) If after one year from the date of the original finding of unfitness, the court finds that the defendant continues to be unfit, the State shall request the court to conduct a discharge hearing. Ill. Rev. Stat. 1985, ch. 38, par. 104—23(b)(1).

In relevant part, section 104—25 governs a discharge hearing in the following manner:

"(d) If the discharge hearing does not result in an acquittal of the charge the defendant may be remanded for further treatment and the one year time limit set forth in Section 104—23 shall be extended as follows:

(1) If the most serious charge upon which the State sustained its burden of proof was a Class 1 or Class X felony, the treatment period may be extended up to a maximum treatment period of 2 years; if a Class 2, 3 or 4 felony, the treatment period may be extended up to a maximum of 15 months ***." Ill. Rev. Stat. 1985, ch. 38, par. 104—25(d)(1).

The State argues that section 104—25 does not state when the extension period should begin. The State also argues that because the defendant's discharge hearing was not held until after the end of his one-year treatment period, the extra time spent in treatment prior to the discharge hearing may be considered an extension of his initial one-year treatment period. The State concludes that it was proper to date the treatment extension period from the date of the discharge hearing. We disagree.

The State is correct in noting that section 104—25 does not expressly set forth when the extension period should commence. However, article 104 is replete with references to a one-year time limit for the original period of treatment. For example, the original unfitness determination looks to whether a defendant "will attain fitness within one year." (Ill. Rev. Stat. 1985, ch. 38, par. 104—16(d).) Subsequent proceedings, such as those concerning the treatment program, progress reports and periodic hearings, are based on whether the defendant will have attained fitness "within one year from the date of the original finding of unfitness." (Ill. Rev. Stat. 1985, ch. 38, pars. 104—17(e), 104—18(a)(3), (b)(2), 104—20(d).) When the one-year period from the date of the original unfitness finding has elapsed, the State is required to request the court to hold a discharge hearing. (Ill. Rev. Stat. 1985, ch. 38, par. 104—23.) Finally, when at the discharge hearing, the court finds sufficient evidence not to acquit the defendant, the court

may remand the defendant for further treatment; however, it may extend the treatment period only a maximum allowable time beyond the original one-year period. Ill. Rev. Stat. 1985, ch. 38, par. 104—25(d).

Based on the foregoing, it is clear that article 104 provides that the treatment period for a defendant found to be unfit to stand trial is to last for a basic maximum period of one year. Extensions of that treatment period may not exceed two years for a Class X offense or 15 months for a Class 2 offense. (But see Ill. Rev. Stat. 1985, ch. 38, par. 104—25(g).) Furthermore, the language of article 104 indicates that the extension period begins at the expiration of the original one-year treatment period and not at the date of the discharge hearing.

Here, the defendant's extended treatment periods exceed their respective maximum statutory limits by 49 days. Therefore, pursuant to Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)), we modify the judgment of the Peoria County circuit court to reduce each of the defendant's maximum treatment periods by 49 days. The defendant's maximum treatment periods shall total three years for armed robbery and 27 months for disarming a police officer.

Affirmed as modified.

BARRY, P.J., and HEIPLE, J., concur.