THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COREY SULLIVAN, Defendant-Appellant.

Second District    No. 2—97—0264

Opinion filed January 12, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Susan K. Lucas, of Peoria, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Following a jury trial, defendant, Corey Sullivan, was convicted of theft from a coin-operated machine (720 ILCS 5/16—5(a) (West 1996)). The State sought to have the offense elevated from a Class A misde-

meanor to a Class 4 felony based on defendant's previous conviction of possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1) (West 1996)). Defendant filed a presentencing motion and memorandum in which he asked to have the charge maintained as a Class A misdemeanor because possession of a stolen motor vehicle is not a proper enhancing offense. The court denied the motion and sentenced defendant to three years' imprisonment. Defendant appeals, arguing that his conviction was improperly enhanced. We affirm in part, reverse in part, and remand.

■ The statutory provision at issue is section 16—5(c) of the Criminal Code of 1961 (720 ILCS 5/16—5(c) (West 1996)), which provides as follows:

"A person convicted of theft from a coin-operated machine shall be guilty of a Class A misdemeanor. A person who has been convicted of theft from a coin-operated machine and who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony. The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial."

■ The indictment charging defendant with theft from a coin-operated machine stated that the offense was a Class 4 felony, based on defendant's previous conviction of possession of a stolen motor vehicle. Defendant argues that possession of a stolen motor vehicle is not one of the enhancing offenses listed in section 16—5(c). The enhancing offenses are "any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion." 720 ILCS 5/16—5(c) (West 1996). The parties agree that the only possible one that would apply is "any type of theft." Defendant argues that possession of a stolen motor vehicle is not a type of theft, while the State argues that it is.

We find instructive the supreme court's analysis in *People v. McCarty*, 94 Ill. 2d 28 (1983). In *McCarty*, the court considered whether robbery was "any type of theft" for purposes of the recidivist provision of the theft statute (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1) (now codified, as amended, at 720 ILCS 5/16—1(b)(2) (West 1996))). After noting that "theft" is a term of art defined by statute, the court relied on three factors in concluding that robbery was not a type of theft. First, theft requires an intent to permanently deprive the owner

of the property, while robbery requires no such showing of intent. *McCarty*, 94 Ill. 2d at 33. Second, the court noted that all theft offenses are codified in article 16 of the Criminal Code of 1961 (Criminal Code) and robbery is codified in article 18. *McCarty*, 94 Ill. 2d at 33-34. Finally, the court noted that construing robbery as a type of theft would violate the principle that ambiguities in penal statutes, particularly enhancement provisions, must be resolved in the defendant's favor. *McCarty*, 94 Ill. 2d at 34-35.

Applying the *McCarty* analysis to this case leads to the same result. Possession of a stolen motor vehicle is codified at section 4—103(a)(1) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/4—103(a)(1) (West 1996)) rather than in article 16 of the Criminal Code. The trial court noted that possession of a stolen motor vehicle was included in article I of chapter 4 of the Vehicle Code, which is entitled "ANTI-THEFT LAWS." However, just because the purpose of the provisions in article I is to discourage theft does not mean that any one of them actually describes the crime of theft. For instance, several of the sections involve title and registration offenses. See 625 ILCS 5/4—104 through 4—105.1 (West 1996). Making possession of a stolen motor vehicle a Class 2 felony can discourage theft without the possession itself actually being a theft.

Further, the possession of a stolen motor vehicle statute makes it a crime for a person "not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted." 625 ILCS 5/4—103(a)(1) (West 1996). This is similar to the type of theft described in section 16—1(a)(4) of the Criminal Code (720 ILCS 5/16—1(a)(4) (West 1996)), which occurs when a person "[o]btains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen." However, this also requires an intent to permanently deprive the owner of the property. See 720 ILCS 5/16—1(a)(4)(A) through (a)(4)(C) (West 1996). This element is not required for possession of a stolen motor vehicle. One could argue that possession of a stolen motor vehicle is a lesser included offense of theft. Nevertheless, the supreme court rejected this contention in *People v. Bryant*, 128 Ill. 2d 448, 457 (1989), and held that possession of a stolen motor vehicle is separate from and a more serious offense than theft rather than a lesser included offense of theft.

At best, section 16—5(c) is ambiguous in whether it includes possession of a stolen motor vehicle as a type of theft. As stated previously, ambiguities in penal statutes, particularly enhancement provisions, must be resolved in the defendant's favor. *McCarty*, 94 Ill. 2d at 34-35.

It is difficult to tell what the State is arguing in its brief. However, to the extent the State suggests the enhancement could be considered proper based on defendant's other previous convictions of theft, burglary, and theft from a coin-operated machine, we reject this contention because defendant was not given notice. The statute unambiguously requires the State to give defendant notice in the indictment of any offenses it plans to use in enhancing the sentence. It is not for us to speculate why the State did not use any of defendant's convictions that were specifically listed as enhancing offenses in the statute but rather chose a conviction that was not listed in the statute. The State did not list these other convictions in the indictment, and thus they are irrelevant for our purposes.

Defendant's conviction of possession of a stolen motor vehicle is a Class A misdemeanor rather than a Class 4 felony. Accordingly, we reverse defendant's sentence and remand the matter to the trial court so that it can resentence defendant for a Class A misdemeanor. The judgment of the circuit court of Kane County is otherwise affirmed.

Affirmed in part and reversed in part; cause remanded.

BOWMAN, P.J., and INGLIS, J., concur.