2020 IL App (1st) 19-0899-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
June 30, 2020

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) | Cook County, Illinois, |
| | ) | Criminal Division. |
| v. | ) | |
| | ) | No. 88 CR 18391 |
| EUKA WADLINGTON, | ) | |
| | ) | The Honorable |
| Petitioner-Appellant. | ) | Thomas J. Byrne, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Lavin and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dismissal of the petition for relief from judgment (735 ILCS 5/2-1401 (West 2018)), which attempted to vacate a 1988 guilty plea, on the basis that it was untimely, was proper. Where, in entering the guilty plea, the trial court had both subject matter and personal jurisdiction, the plea was not a void judgment that could be collaterally attacked in perpetuity.

¶ 2    The petitioner, Euka Wadlington, appeals from the dismissal of his petition for relief from judgment (735 ILCS 5/2-1401 (West 2018)) seeking vacature of his 1988 drug conviction. On appeal, the petitioner contends that the trial court erred when it dismissed his petition as untimely, where he established that his 1988 drug conviction resulted from a plea that was

entered without a factual basis for an essential element of the crime. The petitioner argues that as such the plea was a void judgment that could have been attacked at any time. For the reasons that follow, we affirm.

¶ 3                                    I.  BACKGROUND

¶ 4       The underlying facts of this case are undisputed. On November 17, 1988, the petitioner was charged with possession of a controlled substance with intent to deliver in case number 88 CR 18391. The indictment charged the petitioner with "knowingly and unlawfully" possessing "with intent to deliver" "more than 1 but less than 15 grams" of cocaine (Ill. Rev. Stat., Ch. 56 1/2, para. 1401).[1] While awaiting trial, in 1990, the petitioner was charged with a separate narcotics offense in case number 90 CR 11548. The petitioner proceeded to trial in case number 90 CR 11548 and was found guilty of simple possession of a controlled substance (*i.e.* cocaine). Subsequently, the petitioner entered into a negotiated plea agreement with the State in case number 88 CR 18391 where he pleaded guilty to possession with intent to deliver in exchange for a three-year concurrent sentence on both cases.

¶ 5       On March 8, 1991, the petitioner appeared before the trial court to enter his plea and be sentenced on both cases. After defense counsel indicated that the petitioner was ready to proceed with his plea, the trial court stated:

     "Mr. Wadlington, on case number 8818391, we had a conference on your case
     yesterday[.] You're charged with possession of [a] controlled substance with intent to deliver,
     a class two felony, carrying a possible sentence from 3 to7 years in the penitentiary with a
     mandatory supervised release term of two years.

_____

[1] That offense is now found in 720 ILCS 570/401.1

In return for your plea of guilty to that case, I would sentence you to three years in the Illinois Department of Corrections. It would run concurrently with the sentence I am going to impose on case number 90-11548, the case in which you were found guilty of possession of [a] controlled substance on January 28th, 1990. Is that your understanding of the agreement Mr. Wadlington?"

The petitioner indicated that this was in fact his understanding of the plea agreement.

¶ 6    The court next admonished the petitioner of his rights pursuant to Illinois Supreme Court Rule 402 (Ill. S. Ct. R. 402 (eff. Feb. 1, 1981)).  After the petitioner waived his rights, the court found that he understood the nature of the charges against him and the penalties that could be imposed, and that he was freely and voluntarily entering his guilty plea.

¶ 7    The trial court then recited the factual basis stipulated to by the parties in support of the plea:

"There would be a stipulation between the parties that on September 23rd, 1988, in Cook County, Illinois, [the petitioner] was found in possession of 14.5 grams of cocaine in individual packets. He was over the age of 17 at the time. So stipulated?"

After both the State and defense counsel affirmed that these were the stipulated facts, the trial court held:

"The court finds there is a factual basis for the plea of guilty. There will be a finding of guilty[.] Judgment on the finding."

¶ 8    The court then continued in the following manner:

"The record should reflect I read the arrest reports and the transcripts, and there is, in fact, a factual basis for the plea of guilty on [the petitioner's] other case, 90-11548.

Filed for a motion for a new trial, I have reviewed that motion. Counsel. Do you want to argue the motion or no? Do you want to argue the motion for a new trial or not?"

¶ 9    Defense counsel indicated that he would offer no further argument on his motion for a new trial in case number 90 CR 11548, and the trial court denied that motion. The petitioner never sought to withdraw his guilty plea nor appealed his conviction or sentence.

¶ 10    The parties agree that in 1988, the petitioner was charged in a federal indictment in the Southern District of Iowa on drug and conspiracy charges. The petitioner pleaded not guilty and chose to proceed with a jury trial. Prior to that trial, the district attorney filed a notice of prior convictions pursuant 21 U.S.C. § 851, alleging that the petitioner was eligible for a mandatory life sentence based upon two prior Illinois convictions. A federal jury convicted the petitioner of conspiracy and attempt to distribute illegal narcotics. On August 5, 1999, the district judge imposed a mandatory sentence of life imprisonment without the possibility of parole. The petitioner's Illinois conviction in case number 88 CR 18391 was used to trigger the mandatory life sentence under the federal three strikes law. See 21 U.S.C. § 841. At present, the petitioner has already been incarcerated for twenty years.

¶ 11    On May 13, 2018, the petitioner filed a section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2018)) seeking to vacate his guilty plea in case number 88 CR 18391. The petitioner alleged that he obtained a transcript of his plea hearing in that case for the first time in 2017. The petitioner then argued that his 1988 conviction was a void judgment because during the plea proceedings no factual basis was provided for an essential element of the crime, namely "intent to deliver." 720 ILCS 570/401 (West 2018). Therefore, the petitioner sought to vacate his guilty plea as "void" even though he filed his petition after the two-year limitations period set forth in section 2-1401(c) had expired. See 735 ILCS 5/2-1401(c), (f) (West 2018) (Allowing an attack on a void judgment at any time in a direct or collateral proceeding).

¶ 12    On October 10, 2018, the State filed a motion to dismiss the petition. In its motion, the State

did not dispute that the factual stipulation in case number 18 CR 18391 was defective in that it failed to establish the State's intent to deliver cocaine, an essential element of the offense. Rather, citing to *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), *Belleville Toyota, Inc., v. Toyota Motor Sales, USA, Inc.*, 199 Ill. 2d 325, 335-37 (2002), and *People v. Castleberry*, 2015 IL 116916, ¶ 12, the State argued that the void judgment rule, or the "inherent power idea of jurisdiction" had been abolished in Illinois. According to the State, in Illinois, a judgment on a defective plea is voidable, rather than void, and collateral attacks on such a judgment are subject to time restrictions. The State maintained that because the petition was not filed within the two-year time limitation set forth in section 2-1401(c) (735 ILCS 5/2-1401(c) (West 2018)), it should be dismissed as untimely.

¶ 13        In his reply, the petitioner relied on *People v. McCarty*, 94 Ill. 2d 28 (1983), and *People v. Edge*, 406 Ill. 490 (1950), arguing that the void judgment rule was still effective in Illinois.

¶ 14        On April 2, 2019, after hearing arguments by both parties, the trial court granted the State's motion to dismiss the petition for relief from judgment. At the outset, the court expressed that it was "not unsympathetic" to the petitioner's predicament--a life sentenced premised on three narcotics offenses. Nonetheless, the court explained that it was legally compelled to find that the petition was both untimely and that it lacked merit. With respect to timeliness, the court agreed with the State that pursuant to our supreme court's decision in *Castleberry,* 2015 IL 116916, ¶ 12, "any error in factual basis would be voidable *** rather than void," triggering the two-year statute of limitations in section 2-1401(c) (735 ILCS 5/2-1401(c) (West 2018)). In addition, with respect to the merits, the court found that even though the stated factual basis was insufficient, it could infer a factual basis form the comments made by the trial judge during the guilty plea proceedings. As the court explained:

"[The trial court] did participate in a 402 Conference, she did state of record that she read the arrest report, and, in fact, included that in the record to support the factual basis for the conviction."

Those arrest reports described the traffic stop during which the petitioner was arrested, and noted that the arresting officer observed the petitioner exiting a vehicle and handing the passenger, his codefendant, a brown bag, from which narcotics were later recovered. The trial court held that because intent to deliver could be inferred from this arrest report, the factual basis for the petitioner's plea was sufficient. Accordingly, the court held that regardless of timeliness, the petition lacked merit. The petitioner now appeals.

¶ 15                                    II.  ANALYSIS

¶ 16       On appeal, the petitioner contends that the trial court erred in dismissing his petition for relief from judgment both as untimely and on the merits. Just as he did below, the petitioner asserts that his 1988 guilty plea was void because the factual basis as articulated by the trial court at the plea hearing failed to set forth any facts establishing the necessary element of intent for the charged offense. Accordingly, the petitioner argues that he was exempt from the two-year limitations period in section 2-1401(c) (735 ILCS 5/2-1401(c) (West 2018)). In addition, the petitioner contends that in dismissing his petition for relief from judgement, the trial court improperly speculated as to what facts the plea hearing judge may have heard off-the-record, to infer that there was in fact, a sufficient factual basis for his 1988 plea. For the reasons that follow, we disagree.

¶ 17       We begin by setting forth the well-established principles regarding petitions for relief from judgment. Section 2-1401 of the Code provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated or modified in civil or criminal proceedings

30 days from their entry. *People v. Dodds*, 2014 IL App (1st) 122268, ¶ 17; see also *In re Dar. C.*, 2011 IL 111083, ¶ 104; *People v. Vincent*, 226 Ill. 2d 1, 7 (2007); *Warren County Soil and Water Conservation Dist. v. Walters*, 2015 IL 117783, ¶ 31. While section 2-1401 petitions are ordinarily used to bring facts to the attention of the trial court which, if known at the time of judgment, would have precluded its entry, they may also be used to challenge a purportedly defective judgement for legal reasons. *Warren County Soil*, 2015 IL 117783, ¶ 31.

¶ 18    To be entitled to relief under section 2–1401, a defendant must prove by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2–1401 petition for relief. *Dodds*, 2014 IL App (1st) 122268, ¶ 18; *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003); see also *Vincent*, 226 Ill. 2d at 7–8.

¶ 19    Generally, the petition must be filed within two years after entry of the judgment being challenged, unless the opposing party waives the limitations period. 735 ILCS 5/2–1401(a), (c) (West 2018); see also *Dodds*, 2014 IL App (1st) 122268, ¶ 19; *Vincent*, 226 Ill. 2d at 7. An exception to this two-year limitation period exists where the petition challenges the judgment as void, or where a clear showing has been made that: (1) the person seeking relief was under legal disability or duress; or (2) the grounds for relief were fraudulently concealed. See *Dodds*, 2014 IL App (1st) 122268, ¶ 19. The allegation "that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." (Internal quotation marks omitted.) *People v. Walters*, 2015 IL 117783, ¶ 48.

¶ 20    The standard of review on appeal depends on whether the petitioner has presented a factual or legal challenge to a final judgment or order. *Warren County Soil*, 2015 IL 117783, ¶ 31. If a petition raises a purely legal issue that does not involve a factual dispute, and the trial court

enters a judgment on the pleadings, or dismissal for failure to state a cause of action, the reviewing court applies a *de novo* standard of review. *Id*. ¶¶ 47-48. If, on the other hand, a section 2-1401 petition raises a fact-dependent challenge to a final judgment, our review is for an abuse of discretion. *Id*. ¶ 50.

¶ 21    The petitioner's first challenge to the dismissal of his petition on the basis that it was void, rather than voidable, and therefore timely, raises a purely legal question, which we review *de novo*. See *People v. Abtahi*, 2020 IL App (1st) 181631, ¶ 16 ("We review a circuit court's decision regarding a section 2-1401 petition alleging that a judgment is void *de novo*."); see also *People v. Rodriguez*, 355 Ill. App. 3d 290, 293 (2005).

¶ 22    In this respect, the petitioner contends that a judgment on a guilty plea that is without a factual basis is necessarily void and therefore can be collaterally attacked after the two-year limitations period has expired. In support of his position, the petitioner cites to *McCarty,* 94 Ill. 2d 28, and *Edge*, 406 Ill. 490. We disagree and find those decisions inapposite.

¶ 23    Our supreme court has repeatedly made clear that void judgments "occupy a 'unique place' in our legal system. [Citation.]" (Internal quotation marks omitted.) *People v. Price*, 2016 IL 118613, ¶ 30. Because a void judgment may be challenged at any time, either directly or collaterally, such that the challenge is neither limited by forfeiture nor other procedural restraints, "only the most fundamental defects warrant declaring a judgment void." *Id*. As a result, our supreme court has recognized only three circumstances in which a judgment will be deemed void: (1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction, (2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*, and (3) where a judgment of sentence did not conform to a statutory requirement (the void sentence rule). *Id*.; see also *Thompson*, 2015 IL 118151, ¶¶ 31–33.

¶ 24   Five years ago, in *Castleberry*, our supreme court abolished the third type of void judgment, further narrowing the universe of judgments subject to attack in perpetuity. *Id*. *Castleberry* determined that the "inherent power" view of jurisdiction, on which the void sentence rule was based, could not be reconciled with the constitutional grant of jurisdiction and was at odds with the court's prior precedent rejecting that view of jurisdiction in the civil context. *Id.* ¶ 18 (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530 (2001)). The court explained that unlike a voidable judgment, which is one entered erroneously by a court having jurisdiction, a void judgment is one entered by a court lacking either subject matter jurisdiction or personal jurisdiction. *Castleberry*, 2015 IL 116916, ¶¶ 11–12. "Subject matter jurisdiction refers to a court's power ' "to hear and determine cases of the general class to which the proceeding in question belongs." ' " *Id.*, ¶ 12 (quoting *In re M.W.*, 232 Ill. 2d 408, 415 (2009) quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 199 Ill. 2d 325, 334 (2002)). Personal jurisdiction, "refers to the court's power ' "to bring a person into its adjudicative process." ' " *Id.* ¶ 12 (quoting *M.W.*, 232 Ill. 2d at 415, quoting Black's Law Dictionary 870 (8th ed. 2004)). *Castleberry* held that because jurisdiction is conferred on the circuit courts by the Illinois constitution, a statutory requirement or prerequisite that gives the court "authority or power" to act is not jurisdictional. *Castleberry*, 2015 IL 116916, ¶ 15. In addition, in abolishing the void sentence rule, *Castleberry* espoused a clear policy favoring finality of judgments. *Id.* ¶ 15 (citing *LVNV Funding, LLC v. Trice*, 2015 IL 116129). Ultimately, *Castleberry* concluded that because a " 'circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority' [citation] the void sentence rule is constitutionally unsound." *Id*. at ¶ 19 (quoting *Steinbrecher,* 197 Ill. 2d at 530).

¶ 25   Since *Castleberry*, our supreme court has twice reaffirmed that in Illinois a judgment will be

considered void only where it: (1) was entered by a court lacking personal or subject-matter jurisdiction; or (2) rests on a facially unconstitutional statute. See *Price,* 2016 IL 118613, ¶ 31; *Thompson,* 2015 IL 118151, ¶¶ 31–33; see also *People v. Abtahi*, 2020 IL App (1st) 181631, ¶16.

¶ 26　　Under this precedent, we are compelled to conclude that the petitioner's 1988 guilty plea is not void. The petitioner does not allege that his guilty plea was based on a facially unconstitutional statue and is void *ab initio.* Nor does he directly challenge either the trial court's personal or subject matter jurisdiction. Instead, he argues that a defect in his plea proceedings, namely an insufficient factual basis on an element of the charged offense, deprived the trial court of the power to convict and sentence him.

¶ 27　　To the extent that the petitioner indirectly challenges the trial court's jurisdiction on the basis of an error committed by the trial court, his argument has no merit under the holding in *Castleberry*. The trial court here unquestionably had both subject matter and personal jurisdiction over the petitioner. "A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea." *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002). The petitioner, here, undoubtedly did so when he appeared in court and participated in the plea proceedings. Similarly, the trial court had subject matter jurisdiction over the petitioner's criminal case, as that jurisdiction was obtained from article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9). See *Castleberry*, 2015 IL 116916, ¶ 18. Once the trial court acquired jurisdiction "no subsequent error or irregularity [could] oust the jurisdiction thus acquired," and the court could not lose its jurisdiction by making "a mistake in determining either the facts, the law, or both." *People v. Moran*, 2012 IL App (1st) 111165, ¶ 17 (quoting *People v. Davis*, 156 Ill. 2d 149, 156 (1993)). Accordingly, because the trial court had

jurisdiction both over the petitioner's person and the subject matter, any error in its articulation of the factual basis of the petitioner's plea, could not have rendered that plea void. See *Castleberry*, 2015 IL 116916, ¶ 19. Instead, any such error would have rendered the plea merely voidable and not subject to collateral attack. See *Id*. ¶ 11 ("A voidable judgment 'is one entered erroneously by a court having jurisdiction and is not subject to collateral attack.' [Citation.]" ); see also *People v. Smith*, 406 Ill. App. 3d 879, 887 (2010) ("a violation of Supreme Court Rule 402 ***does not defeat the trial court's jurisdiction to enter convictions based on a defendant's pleas and such a violation, even if constitutional in dimension, renders a conviction merely voidable"); see also *People v. Speed*, 318 Ill. App. 3d 910, 916-7 (2001) ("When a court with inherent power to enter an order commits a procedural error while exercising that power, the error does not render the court's judgment void, but merely voidable.").

¶ 28    The petitioner acknowledges that this is what our supreme court's holding in *Castleberry* would imply. Nonetheless, he contends that *Castleberry* is not controlling because the present case does not involve the void sentence rule, but rather a void judgment. In this vein, the petitioner urges us to follow the much earlier decisions of our supreme court in *McCarty,* 94 Ill. 2d 28, and *Edge*, 406 Ill. 490, for the proposition that in order for a trial court in a criminal case to acquire subject matter jurisdiction, it is essential that the accused be charged with all of the essential elements of the crime. See *Edge*, 406 Ill. at 493 ("To give a court jurisdiction in a criminal case, it is essential that the indictment or information charge the accused with a crime. [Citations.] Moreover, where the statutory definition of a crime includes the intent with which the act is committed as an element of the offense, the intent must be alleged."); *McCarty*, 94 Ill. 2d at 28 ("There can be no doubt that jurisdiction is lacking where the circumstances alleged do

not constitute the offense charged as it is defined in the statute and nothing short of alleging entirely different facts could cure the defect.")

¶ 29    The flaw in petitioner's argument is twofold. First, both *Edge* and *McCarty*, involved fatal defects in the charging instruments themselves, rendering the entire proceedings thereafter void. In contrast, in the present case, the petitioner cannot point to any defect in the information, which would have deprived the trial court from having subject matter jurisdiction over his plea proceedings.

¶ 30    More importantly, the holdings of *Edge* and *McCarty* are premised on the theory of the "inherent power" of the trial court to render a particular judgment or sentence in a criminal case, a rationale which has been outright invalidated by *Castleberry*. See *Castleberry,* 2015 IL 116916,¶ 18 (holding that a judgment can be declared void for lack of subject matter jurisdiction or personal jurisdiction, but there is no "inherent power" idea of jurisdiction); see also *Price*, 2016 IL 118613, ¶ 17 ("*Castleberry* determined that the 'inherent power' view of jurisdiction *** could not be reconciled with the constitutional grant of jurisdiction ***.").

¶ 31    We see no good rationale to depart from the holding in *Castleberry*, and the petitioner offers none. This is perhaps understandable, where even in the context of precedent dealing with defective charging instruments, upon which the petitioner now relies, a review of our supreme court's decisions reveals that the court grappled with the concept of the trial court's "inherent authority" long before *Castleberry*. The petitioner fails to mention that subsequent to *Edge*, in *People v. Pujoue*, 61 Ill. 2d 335, 339 (1975), the court departed from its original reasoning and held that the failure to allege an element of an offense in a complaint did not, *per se,* render it void. In *Pujoue*, the court held that "[w]hen attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to

prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *Pujoue*, 61 Ill. 2d at, 339. Thereafter, in *People v. Gilmore*, 63 Ill. 2d 23, 27 (1976), the court went on to state that a charging instrument, which fails to charge an offense does not deprive the circuit court of jurisdiction. *Gilmore*'s rationale was two-fold: (1) that jurisdiction is conferred on circuit courts by the constitution rather than by indictment; and (2) that the legislature, in section 114–1(a) of the Code of Criminal Procedure of 1963 (Ill.Rev.Stat.1975, ch. 38, par. 114–1(a)), had distinguished between the absence of jurisdiction and the failure to state an offense. *Id*., at 27-28. The supreme court again reaffirmed this position in *People v. Pankey*, 94 Ill. 2d 12, 17 (1983) holding that "a defective charging instrument does not operate to deprive the circuit court of subject matter jurisdiction *** or necessarily render the charge void." *But see*, *McCarty*, 94 Ill. 2d at 28 ("There can be no doubt that jurisdiction is lacking where the circumstances alleged do not constitute the offense charged as it is defined in the statute and nothing short of alleging entirely different facts could cure the defect.")

¶ 32    These early decisions provide a glimpse into the concepts that permeated our supreme court's ultimate decision to reject the "inherent power" theory of jurisdiction and hold that circuit courts solely obtain their jurisdiction from our state constitution. See *Castleberry*, 2015 IL 116916, ¶ 15. As *Castleberry* explained:

> "While the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *Id*.

¶ 33    The trial court here had jurisdiction over "all justiciable matters," and therefore subject

matter jurisdiction to accept the petitioner's plea and enter a conviction in his case. See *Castleberry*, 2015 IL 116916, ¶ 19; Ill. Const. 1970, art. VI, § 9; see also *Abtahi*, 2020 IL App (1st) 181631, ¶16. Any argument that by virtue of accepting the plea without a factual basis for all of the elements of the charged offense, the trial court acted without inherent authority or power, and thereby deprived itself of jurisdiction, is untenable, as it is no longer the law under *Castleberry*.

¶ 34 Because we hold that the petitioner's 1988 conviction is not void, we find that the filing of his petition for relief from judgment 27 years after the entry of that guilty plea, warranted dismissal pursuant to section 2-1401(c) (735 ICLS 5/2-1401 (West 2018)). Since dismissal was proper on timeliness grounds, we need not address the merits of that petition.

¶ 35                                   III. CONCLUSION

¶ 36 For all of the aforementioned reasons, we affirm the judgment of the circuit court.

¶ 37 Affirmed.