Filed 10/15/09          NO. 4-08-0955

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE BOARD OF TRUSTEES OF THE TEACHERS' RETIREMENT SYSTEM OF ILLINOIS and THE BOARD OF TRUSTEES OF THE STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, | ) ) ) ) ) | Appeal from Circuit Court of Sangamon County No. 07MR425 |
|     Plaintiffs-Appellees, | ) | |
|     v. | ) | Honorable |
| SCOTT H. WEST, | ) | Leo J. Zappa, Jr., |
|     Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In August 2007, plaintiffs, the Board of Trustees of the Teachers' Retirement System of Illinois and the Board of Trustees of the State Retirement System of Illinois, filed a complaint for declaratory judgment, seeking a ruling determining whether defendant, Scott H. West, could combine service credits from separate retirement systems to immediately qualify for his pension.  In November 2008, the trial court granted plaintiffs' cross-motion for summary judgment and denied defendant's summary judgment motion.

Defendant appeals, arguing the trial court erred where (1) it added a "legislative-enactment" limitation to section 20-109 of the Retirement Systems Reciprocal Act (Reciprocal Act) (40 ILCS 5/20-109 (West 2006)), (2) it failed to consider all of the section 20-109 language, and (3) its interpretation of the

Reciprocal Act is contrary to legislative intent.  We agree and reverse.

## I. BACKGROUND

On April 15, 1986, the Illinois State Board of Education (ISBE) hired defendant as a field auditor.  As a result, defendant participated in and contributed to the ISBE's State Employees' Retirement System (SERS).  Approximately six months later, defendant learned his position as a field auditor was considered an "executive."  As an "executive" or "professional" employee of the ISBE, defendant was eligible to participate in the ISBE's Teachers' Retirement System of Illinois (TRS) pursuant to section 16-106(3) of the Illinois Pension Code (Pension Code).  See Ill. Rev. Stat. 1985, Ch. 108 1/2, par. 16-106(3).

In November 2006, the then superintendent of education, Ted Sanders, "certified" to TRS defendant had an "executive" employment classification with ISBE.  This certification was required by TRS for defendant to transfer from SERS to TRS.  Defendant transferred to TRS.  ISBE began transmitting defendant's retirement contributions to TRS.  Defendant continued to participate in TRS until his 2006 retirement from the ISBE.

Following the transfer, SERS informed defendant it was going to refund the pension contributions withheld from his pay by SERS from April 15, 1986, through November 30, 1986.

Defendant maintained he did not want the refund. Nonetheless, SERS sent defendant a refund check. Defendant eventually redeposited his pension payments with SERS. In a July 25, 2006, letter, SERS informed defendant it received his payment and credited his SERS account with the appropriate eight months' service credit. See 40 ILCS 5/20-118 (West 2006) ("Any employee who shall have waived, by the acceptance of a refund, his pension credit in any participating system, may have his pension credit reinstated by repayment of the refund").

According to defendant's complaint (1) his job duties had expanded greatly from those for which he had been first hired; (2) a difficult new function of his job was dealing with the mandates of the "No Child Left Behind" law; (3) beginning in November 2005, he began receiving unsatisfactory job performance evaluations and was being threatened with discharge; and (4) defendant was under duress to either resign or be fired.

According to defendant, he was continually pressured by his supervisors to tender a letter of resignation by April 1, 2006.

Defendant checked the ISBE online attendance website and determined he would have 20 years of service as of April 15, 2006.

On April 3, 2006, defendant signed an agreement to retire from ISBE on June 30, 2006.

On April 7, 2006, defendant met with TRS retirement consultant Michael Bracey. Bracey informed defendant if he retired on June 30, 2006, he would fall approximately 72 days short of the required 20 years' service.

On April 19, 2006, defendant attempted to rescind his retirement offer. Defendant cited the fact he learned he must work an additional 73 days beyond June 30, 2006, to reach 20 years' service. However, ISBE refused to allow defendant to rescind his offer. In fact, ISBE informed defendant he would not be permitted in ISBE offices beyond June 30, 2006.

On August 31, 2006, defendant filed for his retirement benefits with TRS.

In October 2006, TRS notified defendant his monthly benefit would not begin until June 6, 2011, his sixtieth birthday, because he had 72 days less than 20 years' service credit with TRS. TRS did not include in its calculations the eight months' service credit defendant earned while participating in SERS.

In a December 21, 2006, letter, defendant requested SERS certify to TRS he had eight months' service credit with SERS and he transferred from SERS as part of a class. Defendant maintained he was a member of SERS during 1986, after which time he transferred as part of a class of ISBE employees to TRS. He argued the combination of his SERS and TRS credit would give him

enough credit to immediately begin receiving his retirement benefits.

In a January 17, 2007, letter, SERS responded to defendant's certification request. SERS informed defendant it was unable to certify he was transferred as part of a class. As a result, SERS denied defendant's request to provide certification to TRS. SERS notified defendant the denial was temporary pending a review during a February 2007 meeting of the SERS executive committee.

On March 12, 2007, SERS notified defendant of the executive committee's March 8, 2007, decision to ratify the January 17, 2007, temporary denial of defendant's certification request and that a personal hearing would be scheduled. However, no hearing was ever scheduled.

In June 26, 2007, letters, defendant again requested TRS and SERS render a final administrative decision regarding defendant's ability to transfer his pension credits. TRS and SERS did not issue a final administrative decision.

Instead, on August 1, 2007, plaintiffs filed a complaint for declaratory judgment to determine whether defendant could combine his service credits under section 20-109 of the Reciprocal Act and immediately qualify for his pension.

Section 20-109 prevents transferring service credits to another retirement system if the credits were earned in less than

one year.  See 40 ILCS 5/20-109 (West 2006).  However, the one-year limitation "shall not apply to *** employees who transfer or are transferred, as a class, from one participating system to another."  40 ILCS 5/20-109(1) (West 2006).

On August 26, 2008, defendant filed a motion for summary judgment, arguing he transferred to TRS within the meaning of section 20-109.

On September 22, 2008, plaintiffs filed their cross-motion for summary judgment arguing defendant was ineligible to transfer his service credits pursuant to section 20-109 because he was not transferred to TRS by a legislative enactment.

On November 13, 2008, the trial court issued an order granting plaintiffs' and denying defendant's motion for summary judgment.  The court found defendant could not combine service credits earned under the two retirement systems.  Specifically, the court found (1) section 20-109 required defendant to have been forced to transfer to TRS by legislative action, (2) no legislative enactment forced defendant's transfer, (3) defendant was just eligible to transfer, and (4) defendant voluntarily chose to transfer.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues the trial court erred in granting plaintiffs' motion for summary judgment.  Specifically,

defendant contends the court's order (1) is inconsistent with the plain language of section 20-109 because it improperly adds a "legislative-enactment" limitation, (2) fails to consider all of the section 20-109 language, and (3) is contrary to the legislative intent of the Reciprocal Act.

Defendant maintains the Reciprocal Act specifically includes both "employees who transfer" and employees who "are transferred." Defendant argues the trial court's analysis stopped at the employees who "are transferred" language and neglected the "employees who transfer" language.

Plaintiffs argue defendant's transfer to TRS (1) was purely elective and did not fall within the exception to section 20-109, (2) was not mandated by any legislative action, and (3) was not "as a class." Specifically, plaintiffs argue (1) the trial court correctly interpreted section 20-109 to exclude optional employee transfers from one system to another; (2) defendant voluntarily transferred from SERS to TRS; and (3) as a result, defendant is not included within the meaning of section 20-109.

## A. Standard of Review

Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law."  735 ILCS 5/2-1005(c) (West 2006).  This court reviews a trial court's grant of summary judgment de novo. Bagent v. Blessing Care Corp., 224 Ill. 2d 154, 163, 862 N.E.2d 985, 991 (2007).  This case involves a question of statutory interpretation, which we also review de novo.  Reppert v. Southern Illinois University, 375 Ill. App. 3d 502, 504, 874 N.E.2d 905, 907 (2007).

### B. Rules of Statutory Interpretation

When interpreting a statute, our duty is to ascertain and give effect to the intent of the legislature.  Hadley v. Illinois Department of Corrections, 224 Ill. 2d 365, 371, 864 N.E.2d 162, 165 (2007).  "Legislative intent is best derived from the language of the statute itself, which, if unambiguous, should be enforced as written."  Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund, 216 Ill. 2d 590, 595, 837 N.E.2d 876, 879 (2005).  The court must give the language of a statutory provision its effect when that language is clear, and if the language is clear, the court must not resort to other aids for construction.  Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994).  A statute is ambiguous "if its meaning cannot be interpreted from its plain language or when it is capable of being understood by reasonably well-informed persons in two or more different senses."  People v. Purcell, 201 Ill. 2d

542, 549, 778 N.E.2d 695, 699-700 (2002). "If the statutory language is susceptible to more than one interpretation *** legislative intent may be ascertained by considering 'the entire act, its nature, its object, and the consequences resulting from different constructions.'" Taddeo, 216 Ill. 2d at 595-96, 837 N.E.2d at 879, quoting Shields v. Judges' Retirement System of Illinois, 204 Ill. 2d 488, 494, 791 N.E.2d 516, 519 (2003). Pension statutes are to be construed liberally in favor of the rights of the pensioner. Taddeo, 216 Ill. 2d at 596, 837 N.E.2d at 879.

### C. Statute at Issue

Section 20-109 of the Reciprocal Act allows pension credits totaling less than one year under one retirement system to be combined with those under another system if the employee was among those employees who transfer or are transferred as a class from one participating system to another. See 40 ILCS 5/20-109 (West 2006). Section 20-109 defines pension credit, in pertinent part, as follows:

> "Credit or equities acquired by an
> employee in the form of contributions,
> earnings[,] or service as defined under the
> law governing each of the systems in which he
> has credits or equities, except credits or
> equities (1) of less than one year in any one

- 9 -

system, _except_ that this one-year limitation shall not apply to \*\*\* employees who transfer or are transferred, as a class, from one participating system to another."  (Emphasis added.)  40 ILCS 5/20-109 (West 2006).

### D. The Trial Court's Order

Defendant argues the trial court erred in interpreting the Reciprocal Act contrary to legislative intent.  In its November 2008 order, the court found section 20-109 prohibited combining service credits of less then one year except where employees were "transferred as a class."  Specifically, the court's order stated the following:

"Under [a]rticle 20 of the Pension Code, employees seeking to retire under the Reciprocal Act can combine pension credits they earned under two or more reciprocal systems, assuming the pension credit qualified.  Section 20-109 of the Reciprocal Act specifies that employees may retire counting pension credits from more than one system \*\*\* except credits \*\*\* of less than one year in any one system.

An exception exists where an employee is transferred \*\*\* as a class, from one

participating [s]ystem to another.

There is no dispute [defendant] had less than one year of pension credits in SERS. The question is whether he was [']transferred['] as defined under [a]rticle 20.

In the case at bar, there [were] no legislative enactments transferring a <u>class</u> of workers from one participating system to the other.  ISBE designated [defendant's] position as an 'executive' giving him the <u>option</u> to remain in SERS or transfer to TRS. [Defendant] voluntarily chose to transfer systems.  No enactment of legislation was undertaken to force the transfer.  Several employees of ISBE in [defendant's] classification of 'executive' chose to stay in SERS instead of transferring to TRS.

This court sympathizes with [defendant], but under this [c]ourt's interpretation of [a]rticle 20, [defendant] needed one year of pension credit in order to retire under the Reciprocal Act, thus, [defendant] does not have enough combined credits to retire under the Reciprocal Act."  (Emphases in original.)

F. Legislative Enactment

Defendant argues the trial court's order is inconsistent with the plain language of section 20-109 because it improperly adds a "legislative-enactment" limitation. Specifically, defendant contends the court erred in finding section 20-109 required legislative action to transfer defendant to TRS. We agree.

> "A court's only legitimate function is to declare and enforce the law as enacted by the legislature, to interpret the language when necessary, and not to enact new provisions or substitute different ones. [Citation.] Courts are not free to engraft conditions not within the purview of the statute. [Citation.] Such action would plainly be a forbidden judicial amendment to the statute. [Citation.]" Ralston v. Plogger, 132 Ill. App. 3d 90, 98, 476 N.E.2d 1378, 1383 (1985).

Here, the trial court found "[n]o enactment of legislation was undertaken to force [defendant's] transfer." Plaintiffs argue defendant's transfer to TRS was not "as a class" because it was not mandated by any legislative action and thus purely elective. While it is undisputed no legislative enactment forced defendant to transfer pension systems, nowhere in section

- 12 -

20-109 does a valid transfer require an enactment of legislation. If the legislature had intended to limit the ability to combine service credits to instances resulting from statutory transfers, it would have so stated. It did not. As a result, we find the trial court misread an additional restriction into its interpretation of section 20-109.

G. The Plain Language of Section 20-109

Defendant next argues the trial court's order is inconsistent with the plain language of section 20-109 because the order fails to consider all of the section 20-109 language. Specifically, defendant contends the Reciprocal Act includes both "employees who transfer" and employees who "are transferred." Defendant maintains the court's analysis erroneously stopped at employees who "are transferred" and neglected the "employees who transfer" language. We agree.

"The primary objective of statutory interpretation is to determine and give effect to the legislature's intent." People v. Jones, 214 Ill. 2d 187, 193, 824 N.E.2d 239, 242 (2005). "Legislative intent can be ascertained from a consideration of the entire [a]ct, its nature, its object[,] and the consequences that would result from construing it one way or the other." Fumarolo v. Chicago Board of Education, 142 Ill. 2d 54, 96, 566 N.E.2d 1283, 1302 (1990). Courts must not construe words and phrases in isolation and, instead, should construe them

in light of other relevant portions of the statute so that--if possible--no term is rendered superfluous or meaningless.  Girard v. White, 356 Ill. App. 3d 11, 17, 826 N.E.2d 517, 523 (2005).

In this case, plaintiffs argue section 20-109 is limited to employees who are involuntarily transferred and thus necessarily excludes defendant since he voluntarily transferred from SERS to TRS.  However, if the phrase "employees who transfer or are transferred, as a class," is construed to mean "employees who involuntarily transfer or are involuntarily transferred, as a member of a class," the resulting construction is redundant and renders one of the two phrases mere surplusage.  See Arnold v. Board of Trustees of the County Employees' Annuity & Benefit Fund, 84 Ill. 2d 57, 62, 417 N.E.2d 1026, 1028 (1981) (indicating a "strong presumption against finding statutory language to be mere 'surplusage'").  The legislature could not reasonably have intended the two phrases to have the same meaning.  Otherwise, only one phrase would have been sufficient.  The legislature must have intended the phrases to refer to separate and distinct groups of employees, i.e., those who voluntarily transfer as part of an eligible class and those who are involuntarily transferred.

Moreover, the phrase "employees who transfer or are transferred, as a class," is divided by the word "or."  "The word 'or' is disjunctive.  As used in its ordinary sense, the word 'or' marks an alternative indicating the various parts of the

- 14 -

sentence which it connects are to be taken separately."
Elementary School District 159 v. Schiller, 221 Ill. 2d 130, 145, 849 N.E.2d 349, 359 (2006), citing People v. Frieberg, 147 Ill. 2d 326, 349, 589 N.E.2d 508, 518 (1992) (holding that the ordinary use of the disjunctive "or" indicates a choice between alternatives).

Here, the use of the word "or" indicates a choice between "employees who transfer as a class" and "employees who are transferred as a class." If we construe "employees who are transferred" to mean "employees who are made to transfer," then the alternative choice of construction would be "employees who voluntarily transfer." Accordingly, plaintiffs' argument section 20-109 is limited only to employees who are involuntarily transferred fails.

The stated purpose of the Reciprocal Act "is to assure full and continuous pension credit for all service in public employment which is covered by a retirement system." 40 ILCS 5/20-101 (West 2006). Section 20-109 allows service credits totaling less than one year under one system to be combined with those under another system if the employee was among those employees who transfer or are transferred as a member of a class from one participating system to another.

In this case, defendant--as a member of a class of employees eligible to transfer--voluntarily transferred from SERS

to TRS.  Defendant transferred within the meaning of the section 20-109 exception to the one-year pension-credit rule.  As a result, defendant should be allowed to combine his pension credits to qualify for his retirement benefits retroactive to July 1, 2006.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's ruling granting plaintiffs' motion for summary judgment and denying defendant's motion therefor.

Reversed.

TURNER and STEIGMANN, JJ., concur.