# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Kayer*, 2013 IL App (4th) 120028

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN M. KAYER, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0028 |
| Filed | May 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for failing to register an employment change as a sex offender was reversed as void, where defendant was terminated from his job due to excessive absences and his job loss did not constitute a change in his "place of employment" pursuant to the Sex Offender Registration Act. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 11-CF-185; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Judgment vacated. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Martin J. Ryan, all of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE KNECHT delivered the judgment of the court, with opinion.

Justice Holder White concurred in the judgment and opinion.

Presiding Justice Steigmann dissented, with opinion.

## OPINION

¶ 1      In July 2011, the State charged defendant, Brian M. Kayer, with unlawful failure to register employment change as a sex offender (730 ILCS 150/6 (West 2010)). In September 2011, defendant pleaded guilty to that offense. In October 2011, the trial court sentenced him to three years' imprisonment. Defendant appeals, arguing his conviction is void because the loss of his job did not constitute a "change" in his "place of employment" such that he was required to report under section 6 of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/6 (West 2010)). We agree and vacate defendant's conviction.

¶ 2                              I. BACKGROUND

¶ 3      In July 2011, the State charged defendant with unlawful failure to register employment change as a sex offender (730 ILCS 150/6 (West 2010)). The information alleged, in its entirety, as follows:

"On or about July 6, 2011, the defendant BRIAN M. KAYER committed the offense of UNLAWFUL FAILURE TO REGISTER EMPLOYMENT CHANGE AS A SEX OFFENDER (Class 2 Felony), in that said defendant, a sex offender subject to the registration requirements under the Sex Offender Registration Act [730 ILCS 150/1, *et. seq*.), knowingly failed to report in person to the law enforcement agency with whom the defendant last registered (the City of Pontiac Police Department), the change in the defendant's employment from employed at Interlake Mecalux, Inc. (701 N. Interlake Drive, Pontiac, Illinois) to no longer employed there, within three (3) days after leaving that employment on June 29, 2011 [as required by 730 ILCS 150/3(b)] in violation of 730 ILCS 150/6, a Class 2 felony [pursuant to 730 ILCS 150/10), due to defendant's previous conviction for the Class 3 felony offense of Violation of the Sex Offender Registration in cause number 08 CF 609 in the Circuit Court of La Salle County,

Illinois." (Bolding omitted; brackets in original.)

¶ 4    In September 2011, defendant entered an open plea of guilty to the charge. The State provided the following factual basis to support the plea, without objection by defendant:

"The State would call certain witnesses from the Pontiac Police Department as well as Interlake here in Pontiac who would testify and identify the Defendant in open court *** who as a sex offender subject to the registration requirements under the sex offender registration act knowingly failed to report in person to the law enforcement agency with whom he last registered *** the change in his employment status from being employed at Interlake here in Pontiac, Illinois, to no longer employed there within three days of leaving that employment. The employment was, I think his last day of employment was June 29th, 2011."

In October 2011, the trial court sentenced defendant to three years' imprisonment. In December 2011, the court denied defendant's motion to reconsider his sentence.

¶ 5    This appeal followed.

¶ 6                                II. ANALYSIS

¶ 7    Defendant contends his guilty plea and his conviction are void because section 6 of the Registration Act (730 ILCS 150/6 (West 2010)) did not require him to report he was no longer employed at Interlake. We agree. The presentence investigation report, prepared after the trial court accepted defendant's guilty plea, indicated defendant was terminated from his employment at Interlake due to excessive absences. The record does not reveal whether the court was aware of the reason defendant was no longer employed when it accepted his guilty plea. For the purpose of our analysis, it does not matter whether defendant was laid off, fired, or he quit.

¶ 8    Section 6 of the Registration Act provides, in pertinent part, as follows:

"If any other person required to register under this Article *changes* his or her residence address, *place of employment*, telephone number, cellular telephone number, or school, he or she shall report in person, to the law enforcement agency with whom he or she last registered, his or her new address, *change in employment*, telephone number, cellular telephone number, or school *** and register, in person, with the appropriate law enforcement agency within the time period specified in Section 3." (Emphases added.) 730 ILCS 150/6 (West 2010).

Section 3 provides, in pertinent part, as follows:

"Any sex offender *** shall, within 3 days of beginning school, or *establishing a* residence, *place of employment*, or temporary domicile in any county, register in person ***." (Emphases added.) 730 ILCS 150/3(b) (West 2010).

¶ 9    Even though defendant pleaded guilty to violating section 6 of the Registration Act, a trial court is without jurisdiction to enter a conviction against a defendant based upon actions that do not constitute a criminal offense. *People v. McCarty*, 94 Ill. 2d 28, 38, 445 N.E.2d 298, 304 (1983) ("There can be no doubt that jurisdiction is lacking where the circumstances alleged do not constitute the offense charged as it is defined in the statute and nothing short

of alleging entirely different facts could cure the defect."). "The guilty plea must *confess* some punishable offense to form the basis of a sentence." (Emphasis in original.) *Id.* at 39, 445 N.E.2d at 304. " 'The effect of a plea of guilty is a record admission of whatever is well alleged in the indictment. If the latter is insufficient [the plea] confesses nothing.' " (Internal quotation marks omitted.) *Id.* at 39, 445 N.E.2d at 304 (quoting *Klawanski v. People*, 218 Ill. 481, 484, 75 N.E. 1028, 1029 (1905)).

¶ 10     Defendant's conviction was based on his failure to report he no longer worked at Interlake. The plain language of section 6 requires a sex offender to report to law enforcement his "change in employment" only when he "changes his *** place of employment." The State did not allege defendant changed his place of employment. The word "place" appeared nowhere in the information or the factual basis. The information referred only to a change in "defendant's employment" and the factual basis referred only to a change in defendant's "employment status." This discrepancy between the language of the statute and the language of the information is more than a formal defect. The change that triggers a sex offender's duty to report under section 6 (change in place of employment) is more narrow than what the State alleged in the information (change in employment). The information is fatally defective because it does not allege a criminal offense. *McCarty*, 94 Ill. 2d at 38, 445 N.E.2d at 304.

¶ 11     Defendant's conviction is void because defendant's job loss, for whatever reason, did not constitute a change in his place of employment under section 6 of the Registration Act. We base our conclusion on our understanding of the meaning of the word "changes" as used in the statute. Because this question calls for interpretation of a statute, our review is *de novo*. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 16, 953 N.E.2d 415.

¶ 12     "When interpreting a statute, our duty is to ascertain and give effect to the intent of the legislature." *Board of Trustees of the Teachers' Retirement System of Illinois v. West*, 395 Ill. App. 3d 1028, 1032, 916 N.E.2d 648, 652 (2009) (citing *Hadley v. Illinois Department of Corrections*, 224 Ill. 2d 365, 371, 864 N.E.2d 162, 165 (2007)). "The most reliable indicator of legislative intent is the language of the statute, which is to be given its plain, ordinary and popularly understood meaning." *In re Detention of Powell*, 217 Ill. 2d 123, 135, 839 N.E.2d 1008, 1015 (2005). "Courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it." *People v. Taylor*, 221 Ill. 2d 157, 162, 850 N.E.2d 134, 136 (2006).

¶ 13     The State's interpretation of section 6 of the Registration Act, as advanced in its brief to this court, would classify a *loss of employment* as a *change in the place of employment*. The State's interpretation of the word "changes" goes beyond that word's plain, ordinary, and popularly understood meaning. Loss of employment equates to a change in employment *status*, but it does not equate to a change in the *place of employment*. To illustrate by way of example, someone who has removed his clothes would not say "I changed my clothes." Nor would someone evicted from his home say, "I changed homes." Someone who has recently become unemployed would not say, "I changed my place of employment." We conclude the legislature's use of the word "changes" in section 6 of the Registration Act should be given its plain, ordinary, and popularly understood meaning, namely "to replace with another." Merriam-Webster's Collegiate Dictionary 190 (10th ed. 2000). Section 6 of the Registration

Act applies only when someone subject to the act *changes* his place of employment from place A to place B.

¶ 14 Our conclusion is consistent with the provision of section 6 requiring sex offenders to report a change in their place of employment "within the time period specified in Section 3." 730 ILCS 150/6 (West 2010). The time period specified in section 3 runs from the sex offender "establishing a *** place of employment" to three days thereafter. 730 ILCS 150/3(b) (West 2010). It would be impossible for a sex offender who loses his job to report within the time period specified in section 3 because that time period begins to run only after he has established a new place of employment. Were defendant to have reported within three days after losing his job, as the State alleges he was required to do, his reporting would still not have been "within the time period specified in Section 3" (730 ILCS 150/6 (West 2010)), because that time period would begin to run only after he had "establish[ed] a *** place of employment." 730 ILCS 150/3(b) (West 2010).

¶ 15 Our conclusion the statute does not require sex offenders to report a loss of employment gains further support from the explicit requirement in section 6 of the Registration Act that an offender report when he or she loses his or her fixed place of residence:

> "If any person required to register under this Article lacks a fixed residence or temporary domicile, he or she must notify, in person, the agency of jurisdiction of his or her last known address *within 3 days after ceasing to have a fixed residence ***.*" (Emphasis added.) 730 ILCS 150/6 (West 2010).

The legislature's inclusion of this requirement demonstrates it is capable of distinguishing between a *change* in fixed residence (also explicitly provided for in section 6) and a *loss* of fixed residence. If the legislature intended to require sex offenders to report a loss of employment, it could have in plain language. It did not.

¶ 16 Our interpretation of section 6 of the Registration Act is not inconsistent with the statute's purpose of "enhanc[ing] public safety by enabling law enforcement agencies to keep track of sex offenders." *Lesher v. Trent*, 407 Ill. App. 3d 1170, 1174, 944 N.E.2d 479, 483 (2011) (Fifth District) (citing *People v. Malchow*, 193 Ill. 2d 413, 420, 739 N.E.2d 433, 438 (2000)). While the loss of defendant's job means he will no longer be spending time at his former place of employment, it does not mean there is some new location where he will be spending time, as would be the case if he were to change his place of employment from one place to another. Our interpretation is consistent with the purpose of the Registration Act's sister statute, the Sex Offender Community Notification Law (Notification Law) (730 ILCS 152/101 to 999 (West 2010)). Section 120 of the Notification Law requires the law enforcement head of the county wherein the sex offender resides to inform certain enumerated bodies (school boards, child care facilities, public libraries, *et cetera*) of, among other things, the identity, address, and place of employment of all registered sex offenders within the jurisdiction. 730 ILCS 152/120 (West 2010). When a sex offender reports a change in his or her place of employment from one location to another, as section 6 of the Registration Act requires, section 120 of the Notification Law serves to alert those near the new place of employment that a sex offender is now employed in the neighborhood. Requiring a sex offender to report the loss of his or her job might serve a purpose, and it

might provide law enforcement with useful information to help track the sex offender, but the statute as written does not require such a report.

¶ 17                                    III. CONCLUSION

¶ 18     We conclude section 6 of the Registration Act did not require defendant to report his loss of employment as a change in his place of employment. Defendant's guilty plea and conviction were based upon actions not constituting a criminal offense. We vacate defendant's conviction as void.

¶ 19     Judgment vacated.

¶ 20     PRESIDING JUSTICE STEIGMANN, dissenting.

¶ 21     The issue this case presents is one of statutory interpretation. This court needs to decide whether defendant was required under section 6 of the Registration Act to report in person to the City of Pontiac police department that he was no longer employed at Interlake. As the majority notes, defendant was discharged from his employment for excessive absences. However, the majority correctly notes that for purposes of its interpretation of the statute, "it does not matter whether defendant was laid off, fired, or he quit." *Supra* ¶ 7.

¶ 22     The majority also correctly noted that the issue before this court is whether defendant's being no longer employed at Interlake constituted a "change" in his "place of employment," such that he was required to report under section 6 of the Registration Act. I appreciate the majority's careful analysis, but ultimately I am not persuaded that such a restrictive interpretation of section 6 is appropriate. Because I believe defendant's no longer being employed at Interlake constituted a "change" in his "place of employment" within the meaning of section 6 of the Registration Act, I respectfully dissent.