NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200651-U

NO. 4-20-0651

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 18, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| SARAH KNADE, | ) | No. 17CF159 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed where the trial court had subject-matter jurisdiction over the criminal proceedings, and therefore, defendant's conviction was not void.

¶ 2    In May 2018, defendant, Sarah Knade, pleaded guilty to bringing a controlled substance into a penal institution (720 ILCS 5/31A-1.1 (West 2016)). The trial court sentenced her to six years' imprisonment. Defendant appeals, arguing the court lacked subject-matter jurisdiction to convict her of the offense charged because the facts presented by the State did not constitute a criminal offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In May 2017, Fairbury police officer Andrew Hartman initiated a traffic stop in which defendant was a passenger in a vehicle with one working headlight. While speaking with

defendant, Hartman noticed an odor of burnt cannabis coming from the vehicle. Officers also observed a backseat passenger throw a green leafy substance out of the window. The substance was later identified as cannabis. Hartman ultimately conducted a search of the vehicle, which revealed the presence of drug paraphernalia, a pipe. Defendant claimed ownership of the pipe. The backseat passenger told Hartman defendant had hidden something in between her legs. Hartman asked defendant multiple times if she had something inside of her that should not be brought into the Livingston County jail. Defendant denied having anything illegal on her person. Hartman transported defendant to the Livingston County jail. A female officer conducted a search of defendant and found synthetic cannabis, "spice," in defendant's possession.

¶ 5        The State charged defendant with unlawfully bringing contraband into a penal institution (720 ILCS 5/31A-1.1 (West 2016)) and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2016)). The State filed an amended information in April 2018. The amended information alleged, in relevant part, as follows:

> "On May 16, 2017 in Livingston County, Illinois, defendant Sarah A. Knade
> committed the offense of unlawful bringing of contraband into a penal institution
> (Class 1 Felony), in that said defendant possessed an item of contraband, a
> substance containing synthetic cannabis, methyl 2-(1-(4-fluourobenzyl)-1H-
> indazole-3-carboxamido)-3-methylbutanoate a methyl 2- (IH-indazole-3-
> carboxamido)-3-methylbutanoate compound [FUB-AMB] [a Schedule I
> controlled substance—720 ILCS 570/204(d)(70)], into the Livingston County Jail,
> a penal institution, in violation of 720 ILCS 5/31A-1.1(a), a class 1 Felony
> pursuant to 720 ILCS 5/31A-1 (d)(4), and should the defendant be convicted of
> said offense, the defendant must be sentenced to not less than a minimum term of

imprisonment due to defendant's prior class 2 Felony offense of delivery of a controlled substance from Livingston County case 13CF188, in accord with 730 ILCS 5/5-5-3(c)(2)(F)."

¶ 6 During the pendency of the proceedings in the instant matter (Livingston County case No. 17-CF-159), the State charged defendant with two counts of unlawful delivery of a controlled substance in Livingston County case No. 18-CF-36.

¶ 7 In April 2018, defendant entered a negotiated plea of guilty to the charges set forth in case No. 17-CF-159 and case No. 18-CF-36. In exchange for her plea, the State agreed to cap their sentencing recommendation at 18 years for both Livingston County cases. The State provided the following factual basis to support the plea in the instant matter, without objection by defendant:

"With respect to 17-CF-159, if the State's case were to proceed to trial, the State would prove beyond a reasonable doubt that on or about May 16th of 2017 the Defendant committed the offenses of unlawful bringing of contraband into a penal institution as well as unlawful possession of a controlled substance. The State would call witnesses who would testify and identify the Defendant in open court as that same individual who knowingly possessed an item of contraband which would be identified as synthetic cannabis or appropriately by the Illinois State Police crime lab more commonly known as XLR 11, a Schedule I controlled substance pursuant to the Illinois Controlled Substances Act. That she possessed that item of contraband and brought it into the Livingston County Jail which would be identified as a penal institution. Further that she possessed or had this

synthetic cannabis on her which would sustain the charges of unlawful possession of a controlled substance.

We would have witnesses from the Illinois State Police crime lab testify that they received the suspect XLR 11 in an unbroken chain of custody, submitted it to forensic chemical analysis, and that it did, in fact test positive for the controlled substance of XLR 11."

¶ 8 The trial court entered a conviction on count I of unlawfully bringing contraband into a penal institution, finding that count II, unlawful possession of a controlled substance, merged with count I. The court also entered convictions in case No. 18-CF-36 on two counts of unlawful delivery of a controlled substance.

¶ 9 In May 2018 the trial court sentenced defendant to consecutive terms of 6 years' imprisonment for unlawfully bringing a controlled substance into a penal institution (case No. 17-CF-159) and 10 years' imprisonment for the two counts of unlawful delivery of a controlled substance (case No. 18-CF-36). In June 2018, defendant appealed, arguing her sentence was excessive. This court remanded the matter to the trial court for strict compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). See *People v. Knade*, 2020 IL App (4th) 180428-U.

¶ 10 On remand, the trial court appointed counsel who filed a motion to withdraw defendant's plea and a motion to reconsider her sentence. In December 2020, the court denied defendant's motions.

¶ 11 This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, defendant argues her conviction is void because the facts presented by the State did not constitute a criminal offense and, therefore, the trial court lacked subject-matter jurisdiction to enter her conviction. We disagree.

¶ 14        "Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *People v. Davis*, 156 Ill. 2d 149, 155, 619 N.E.2d 750, 754 (1993). "Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." *Davis*, 156 Ill. 2d at 156.

¶ 15        "Subject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12, 43 N.E.3d 932. Circuit courts have jurisdiction over all justiciable matters conferred by article VI, section 9, of our constitution. Ill. Const. 1970, art. VI, § 9. Therefore, "[t]o invoke a circuit court's subject matter jurisdiction, a petition or complaint need only 'alleg[e] the existence of a justiciable matter.' [Citation.] *** In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *People v. Guillermo*, 2016 IL App (1st) 151799, ¶ 8, 54 N.E.3d 974.

¶ 16        Here, defendant's conviction was based on bringing synthetic cannabis into the Livingston County jail. The statute provides, "[a] person commits bringing contraband into a penal institution when he or she knowingly and without authority of any person designated or authorized to grant this authority *** brings an item of contraband into a penal institution." 720

ILCS 5/31A-1.1(a) (West 2016). The State alleged in its charging information, and stated in its factual basis for defendant's guilty plea, defendant possessed synthetic cannabis, a form of contraband, and brought the contraband into the Livingston County jail. The controlled substance charges alleged in the charging information fall within the general class of cases which the trial court has the power to hear and determine under the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/1-1 *et seq.* (West 2016). Thus, the trial court had subject-matter jurisdiction over defendant's criminal proceedings. See *People v. Hughes*, 2012 IL 112817, ¶ 31, 983 N.E.2d 439.

¶ 17 Defendant likens her case to *People v. Kayer*, 2013 IL App (4th) 120028, 988 N.E.2d 1097. In *Kayer*, we held the defendant's conviction was void because the charging information did not allege a criminal offense. *Kayer*, 2013 IL App (4th) 120028, ¶ 10. The information alleged the defendant failed to report a change in employment as required by the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2010)). This court found the statute at issue in *Kayer* did not require the defendant to register his *unemployment* status, rather, the defendant was only required to register a change in his place of employment. *Kayer*, 2013 IL App (4th) 120028, ¶¶ 10-11. Therefore, the trial court did not have jurisdiction to enter a conviction. *Kayer*, 2013 IL App (4th) 120028, ¶ 9.

¶ 18 Defendant also cites *People v. McCarty*, 94 Ill. 2d 28, 445 N.E.2d 298 (1983), in support of her argument. In *McCarty*, the supreme court held the trial court did not have subject-matter jurisdiction to enter the defendant's conviction. *McCarty*, 94 Ill. 2d at 38. The defendant pleaded guilty to a felony theft charge. The charge was enhanced from a misdemeanor to a felony offense because of the defendant's prior conviction for armed robbery. *McCarty*, 94 Ill. 2d at 31. The supreme court held the enhancement based on the defendant's prior armed robbery conviction was impermissible because armed robbery was not a type of theft as defined

in the statute. *McCarty*, 94 Ill. 2d at 33-34. Therefore, the supreme court reasoned, "[t]here can be no doubt that jurisdiction is lacking where the circumstances alleged do not constitute the offense charged as it is defined in the statute." *McCarty*, 94 Ill. 2d at 38.

¶ 19 Defendant's reliance on *Kayer* and *McCarty* is misguided. As discussed above, *McCarty* involved an improper enhancement based upon a prior unrelated conviction, therefore the defendant in question should not have been convicted where the circumstances did not constitute the offense as charged. *McCarty*, 94 Ill. 2d at 38-40. *Kayer* involved an improper interpretation of requirements under SORA. The defendant was charged and convicted improperly based upon an interpretation of expanded reporting requirements. *Kayer*, 2013 IL App (4th) 120028, ¶¶ 9-11. This court refused to expand the requirements of SORA, and therefore, the trial court lacked jurisdiction to enter the defendant's conviction as pleaded. See *Kayer*, 2013 IL App (4th) 120028.

¶ 20 Citing section 31A-1.1(f) of the Criminal Code (720 ILCS 5/31A-1.1(f) (West 2016)), defendant asserts she had been placed under arrest before entering the jail and because arrest is an affirmative defense to a charge of bringing contraband into a penal institution, defendant's conviction must be vacated. We disagree.

¶ 21 Defendant does not argue she was unaware of the affirmative defense provided at section 31A-1.1(f) of the Criminal Code. To the contrary, the record shows in defendant's answer to the State's motion for pretrial discovery her intention to assert the affirmative defense of being under arrest at the time she possessed the contraband and that the bringing of the contraband into a penal institution was the direct and immediate result of her arrest. See 720 ILCS 5/31A-1.1(f) (West 2016). Defendant later chose to abandon any affirmative defense and

enter into a negotiated plea of guilty in exchange for the State recommending a sentence of no more than 18 years in prison.

¶ 22        The offense as charged, bringing contraband into a penal institution, falls within the general class of cases the trial court has the power to determine. See *Guillermo*, 2016 IL App (1st) 151799, ¶ 8. Therefore, the trial court had subject-matter jurisdiction to enter defendant's conviction.

¶ 23                         III. CONCLUSION

¶ 24        We affirm the trial court's judgment.

¶ 25        Affirmed.