2025 IL App (1st) 240619-U
No. 1-24-0619

SIXTH DIVISION
December 19, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 12 CR 22425 |
| | ) | |
| HAMIDULLAH TRIBBLE, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Thomas J. Hennelly, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justice Hyman concurred in the judgment.
Justice Gamrath specially concurred in the judgment.

**ORDER**

¶ 1     *Held:* The circuit court's order denying defendant's postconviction petition is reversed where the court improperly recharacterized defendant's petition as a petition for relief from judgment. We remand the matter for further second-stage postconviction proceedings.

¶ 2     Defendant Hamidullah Tribble appeals from the second-stage dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On appeal, defendant contends that his conviction for possession of a firearm with a defaced serial number is void because the statute, as constructed at the time of the offense, was unconstitutional

on its face. For the following reasons, we reverse and remand the matter for further second-stage postconviction proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by information with one count of possession of a firearm with a defaced serial number (720 ILCS 5/24-5(b) (West 2012)) and four counts of aggravated unlawful use of a weapon (*id*. § 24-1.6(a)(1), (3)(C), (I) (West 2012)). These charges arose from events on November 25, 2012, wherein defendant, who was under the age of 21, allegedly carried a handgun with an altered or removed serial number, and he lacked a currently valid Firearm Owner's Identification Card (FOID).

¶ 5                                   A. Initial Guilty Plea

¶ 6        On January 2, 2013, defendant pleaded guilty to one count of possession of a firearm with a defaced serial number in exchange for two years' probation. The court considered facts which were presented to it during an off-the-record pretrial Rule 402 conference to be a sufficient factual basis to accept the guilty plea. Defendant did not file a timely motion to withdraw his guilty plea or a direct appeal.

¶ 7                                 B. Violation of Probation

¶ 8        On February 27, 2013, the State filed a petition alleging that defendant violated his probation on February 26, 2013, by committing the offenses of possession of a stolen motor vehicle and aggravated fleeing and eluding. These new cases were filed under circuit court case number 13 CR 4980.

¶ 9        Defendant pleaded guilty to the violation of probation and possession of a stolen motor vehicle under case number 13 CR 4980 on April 17, 2013.[1] The court accepted the plea based upon

---

[1] The matters under circuit court case number 13 CR 4980 are not at issue in this appeal.

facts presented to it during an off-the-record pretrial Rule 402 conference. The court ordered defendant to attend the one-year Cook County Impact Incarceration Boot Camp Program, and admonished him that if he violated "any phase" of the program, the court would "more likely than not" sentence him to consecutive terms of three and four years' imprisonment for the offenses. Defendant did not file a timely motion to withdraw his guilty plea or a direct appeal.

¶ 10                                C. Violation of Boot Camp

¶ 11        On October 16, 2013, the State filed a petition to revoke defendant's sentence to the Impact Incarceration Program because he failed to meet the conditions of the post release phase of the sentence. According to the petition, defendant was reported "A.W.O.L. from V.R.I.C. (Boot Camp) Post Release" on October 8, 2013. The Sheriff's Electronic Monitoring Unit made a house check and then officially declared him "AWOL." The court ordered that a warrant be issued against defendant. Defendant was subsequently arrested for a new matter in Markham, Illinois.

¶ 12        On November 20, 2014, defendant pleaded guilty to violating the terms of boot camp in exchange for a sentence of three years' imprisonment consecutive to a four-year sentence imposed under circuit court case number 13 CR 4980.

¶ 13        On December 17, 2014, defendant mailed a one-page form motion to withdraw his guilty plea and vacate his sentence. On January 14, 2015, he filed a more detailed motion through counsel, alleging that he was "tricked" by counsel and the court "into not understanding that he was being sentenced to probation based on a plea to a Class 3" felony in 2013. On February 27, 2015, pursuant to the advice of his defense counsel, defendant orally moved to withdraw his motion to withdraw his guilty plea and vacate his sentence. The court granted the oral motion. Defendant did not appeal.

¶ 14                              D. *Pro Se* Postconviction Petition

¶ 15          On February 21, 2020, defendant filed a *pro se* form postconviction petition wherein he alleged that he was a juvenile charged as an adult at the time that he was initially sentenced for the possession of a firearm with a defaced serial number charge. He also alleged that "[d]ue to a void judgment," his second amendment constitutional right to bear arms was violated, and the firearm at issue had no firing pin when he was arrested. Defendant attached his affidavit but no other exhibits in support of the petition.

¶ 16          The court, initially treating the petition as a postconviction petition, advanced the petition to the second stage of proceedings and appointed postconviction counsel. The half sheet for the court appearance on July 31, 2020, includes a parenthetical stating "is this a 1st stage or a 2-1401 petition," and the court mused during that day's status hearing that defendant filed the matter "under the Post Conviction [*sic*] but it becomes a 214 [*sic*] petition." On the half sheet for the September 11, 2020, court date, the court noted that defendant "did file this as a PC." On January 27, 2023, postconviction counsel filed his Rule 651(c) certification and asserted that he was adopting defendant's *pro se* petition.

¶ 17          On March 3, 2023, the State filed a motion to dismiss defendant's petition, arguing that defendant's petition was untimely and that he failed to make a substantial showing of a constitutional violation. The State also contended that defendant's conviction was not void because the offense of possession of a weapon with a defaced serial number is a meaningful regulation under the second amendment.

¶ 18          The matter proceeded to a hearing on November 17, 2023, where postconviction counsel first argued that defendant alleged actual innocence, which would circumvent untimeliness concerns. Counsel further contended that under a recent federal case from West Virginia, *United*

*States v. Price*, 635 F. Supp. 3d 455 (S.D. W.Va. 2022), *rev'd*, 111 F. 4th 392 (4th Cir. 2024), a defendant's conviction due to mere possession of a defaced firearm was unconstitutional. Thus, defendant was convicted of a crime that it was "no longer constitutional to prosecute."

¶ 19        On February 23, 2024, the court denied defendant's petition in an oral ruling. In ruling, the court commented that defendant's petition did not comply with the Act, so it would construe the petition as a petition for relief from judgment as the court believed "that was the intent." The court noted that defacing a firearm is a meaningful regulation under the second amendment, and so defendant's conviction was not void.

¶ 20                                II. ANALYSIS

¶ 21        On appeal, defendant argues that the statute under which he was convicted, possession of a firearm with a defaced serial number, was unconstitutional under the second amendment to the United States Constitution as it was construed when defendant was convicted of the offense. Defendant specifically contends that the construction of the statute at the time he was convicted required only that the State prove that he possessed a firearm with a defaced serial number, rather than additionally prove that he knew the firearm he possessed was defaced. See *People v. Stanley*, 397 Ill. App. 3d 598 (2009), *overruled by People v. Ramirez*, 2023 IL 128123. The supreme court has since ruled that the State must prove both a defendant's knowledge of the possession of the firearm and knowledge that the firearm the defendant possessed was defaced, in part to comport with the second amendment, as the statute would otherwise criminalize knowing possession of a firearm. See *Ramirez*, 2023 IL 128123, ¶ 23. Defendant argues that the construction of the statute at the time he was convicted impermissibly burdened his constitutional right to keep and bear arms, such that his conviction was rendered void and must be vacated.

¶ 22                    A. Possession of a Firearm with a Defaced Serial Number

¶ 23        In 2013, defendant was convicted of possession of a firearm with a defaced serial number. His postconviction petition raises a claim directed at the constitutionality of the statutory provision for the offense. The statute specifies that "[a] person who possesses any firearm upon which any such importer's or manufacturer's serial number has been changed, altered, removed or obliterated commits a Class 3 felony." 720 ILCS 5/24-5(b) (West 2012). The statute does not specify a *mens rea*.[2]

¶ 24        Prior to defendant's conviction, the statute had been interpreted in *People v. Stanley*. In *Stanley*, the defendant argued that the State did not prove his guilt beyond a reasonable doubt because it did not present evidence of his knowledge that the firearm in his possession was defaced. *Stanley*, 397 Ill. App. 3d 598, 603 (2009). We noted that the statute "clearly lack[ed] any *mens rea*," but the legislature did not intend to create an absolute liability offense. *Id*. at 605-07. We found that the State could meet its burden by proving the defendant's "knowing or intentional mental state," and the State's allegation that defendant knowingly possessed the firearm met the requirement. *Id*. at 607. We further found that the State did not need to prove that the defendant knew that the firearm was defaced "in conformance" with the legislature's recognition of the dangerousness posed by defaced weapons. *Id*. at 608.

¶ 25        In 2023, ten years after defendant was convicted, the supreme court revisited this issue in *People v. Ramirez*. In *Ramirez*, the supreme court overruled *Stanley*, finding that the State was additionally required to prove that the defendant knew that the firearm he possessed was defaced.

[2] This is in contrast to 720 ILCS 5/24-5(a) (West 2012), the provision which controls the offense of defacement of identifying marks on a firearm, which states "[a]ny person who shall *knowingly or intentionally* change, alter, remove or obliterate the name of the importer's or manufacturer's serial number of any firearm commits a Class 2 felony." (emphasis added) 720 ILCS 5/24-5(a)(West 2012).

*Ramirez*, 2023 IL 128123, ¶ 24. The supreme court reasoned that the legislature did not intend to make a violation of section 24-5(b) an absolute liability offense, and like the *Stanley* court determined that a *mens rea* must be inferred into the statute. *Id*. at ¶ 21. The *Ramirez* court determined that, in addition to proof of knowledge of possession of the firearm, the State must prove knowledge that the possessed firearm is defaced because without such knowledge, a defendant's otherwise innocent possession of a firearm would be criminalized. *Id*. at ¶ 24. It further commented that requiring proof of knowledge of both elements was necessary to avoid impermissibly burdening a defendant's constitutional right to keep and bear arms. *Id*. at ¶¶ 26-27. The court noted that "[a] statute that criminalizes the knowing possession of a firearm, without more, would run afoul of the second amendment." *Id*. at ¶ 26 (citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

¶ 26        Defendant's *pro se* postconviction petition raised a claim directed at the constitutionality of this provision under the second amendment of the United States Constitution. The statute, as noted, is ambiguous in its wording, and has not been revised despite confusion about its interpretation. Further, the precedent interpreting this provision has been in flux from the time defendant was originally convicted to his current postconviction challenge. With this backdrop in mind, we address the propriety of the court's recharacterization of defendant's *pro se* postconviction petition as a petition for relief from judgment.

¶ 27                    B. Procedural Vehicles for Postconviction Collateral Relief

¶ 28        The Act provides a three-stage method by which imprisoned persons may collaterally challenge their convictions for violations of federal or state constitutional rights. *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). A petition survives dismissal at the first stage of proceedings if it is not frivolous or patently without merit, and the defendant alleges facts to state a claim that

is arguably constitutional. 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the second stage, counsel is appointed if a defendant is indigent, and the State may file a motion to dismiss or an answer to the petition. 725 ILCS 5/122-4, 122-5 (West 2020); *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 29 In order to survive dismissal at the second stage, the defendant bears the burden of making a substantial showing of a constitutional violation. *Domagala*, 2013 IL 113688, ¶ 35. The question is whether the petition's well-pled allegations, taken as true, would entitle the defendant to relief if proven at an evidentiary hearing. *Id*. Here, the circuit court advanced the petition to the second stage of proceedings before denying the petition as a petition for relief from judgment.

¶ 30 Section 2-1401 of the Code of Civil Procedure (Code) is a civil remedy that extends to criminal cases and provides a statutory mechanism for vacating final judgments more than 30 days from their entry. 735 ILCS 5/2-1401 (West 2020); *People v. Stoecker*, 2020 IL 124807, ¶ 18. "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000).

¶ 31 "[W]here a *pro se* pleading alleges a deprivation of constitutional rights cognizable under the Act, a trial court may treat the pleading as a postconviction petition." *People v. Shellstrom*, 216 Ill. 2d 45, 51 (2005). In doing so, the court must (1) notify the *pro se* defendant of its intent to recharacterize the pleading; (2) warn the defendant that, accordingly, any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions; and (3) provide the defendant an opportunity to withdraw the pleading or amend it so that it contains all of the claims appropriate to a postconviction petition. *Id*. at 57.

¶ 32                B. Whether the Court Appropriately Recharacterized Defendant's Petition

¶ 33        Here, the court advanced the petition to the second stage of postconviction proceedings and appointed postconviction counsel, who subsequently filed a 651(c) certificate and adopted the arguments in defendant's *pro se* petition. The State filed a motion to dismiss, which the parties argued at a hearing. The court first treated defendant's *pro se* petition as a petition for relief from judgment during its ruling regarding the State's motion to dismiss.

¶ 34        In *People v. Stoffel*, the supreme court discussed a situation that is remarkably similar to the matter at bar. 239 Ill. 2d 314 (2010). In *Stoffel*, the court recharacterized the defendant's postconviction petition as a petition for relief from judgment during second-stage proceedings. *Id*. at 318-21. The supreme court first noted that the defendant's *pro se* petition alleged a constitutional violation which was cognizable as a postconviction claim, and that "Rule 651(c) pertains solely to postconviction counsel appointed pursuant to the Act." *Id*. at 327. It determined that the circuit court erred in recharacterizing the petition where it did not offer a reasonable basis for treating the pleading as a petition for relief from judgment after the petition had already survived summary dismissal as a postconviction petition. *Id*. at 329. The supreme court noted that no facts showed that postconviction counsel investigated the matter and determined that the defendant's substantive claims would be more appropriately addressed in another procedural vehicle. *Id*.

¶ 35        Here, as in *Stoffel*, there can be no doubt that the body of defendant's *pro se* petition alleged a constitutional violation which was cognizable as a postconviction claim. See *id*. at 327. Defendant alleged that his conviction for possession of a firearm with a defaced serial number violated the second amendment of the United States Constitution. Because defendant characterized his conviction as "void," the circuit court could have interpreted his *pro se* petition as a petition for relief from judgment from the outset. See *People v. Thompson*, 2015 IL 118151, ¶ 29 (where

a petition for relief from judgment is filed after the two-year limitations period, the court recognizes an exception to forfeiture where the petition challenges a "void" judgment). However, as in *Stoffel*, it did not do so; nor did it give a reasonable basis for recharacterization and postconviction counsel did not determine that a petition for relief from judgment more appropriately addressed defendant's claims. See *Stoffel*, 239 Ill. 2d at 329. Thus, the court erred in recharacterizing defendant's *pro se* petition after second-stage proceedings.

¶ 36      As the court improperly recharacterized defendant's petition, we reverse and remand the matter for further proceedings. In this case, we believe that another second-stage postconviction hearing is the appropriate remedy. On remand, defendant will need to establish facts which could potentially warrant an evidentiary hearing on his constitutional claim. See *Domagala*, 2013 IL 113688, ¶ 35 (a substantial showing of a constitutional violation "is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation"). The factual basis for defendant's initial guilty plea was based upon facts presented to the court in an off-the-record 402 conference. In order to advance defendant's petition, postconviction counsel should investigate whether facts exist which support defendant's constitutional claim and amend the petition accordingly. See *People v. Collins*, 2021 IL App (1st) 170597, ¶ 49 (postconviction counsel is required to investigate and properly present defendant's raised claims).

¶ 37      As a final matter, we note that defendant further alleged in his *pro se* petition that the firearm at issue lacked a firing pin and defendant was only 17 years old at the time of the offense. These allegations were largely ignored by postconviction counsel, the State, the circuit court, and appellate counsel. Nor does the record reveal any evidence either supporting or refuting defendant's allegation regarding the firing pin because, as noted above, the record lacks the factual basis for defendant's plea.

¶ 38        "The right to postconviction counsel is statutory, not constitutional." *People v. Milam*, 2012 IL App (1st) 100832, ¶ 21; 725 ILCS 5/122-4(West 2020). "[C]riminal defendants seeking relief in postconviction proceedings have no constitutional right to counsel, effective or otherwise." *People v. Custer*, 2019 IL 123339, ¶ 30. "[P]etitioners are only entitled to the level of assistance provided for by the [Act]." *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). "The required quantum of assistance has been judicially deemed to be a 'reasonable level,' " which is "significantly lower" than the constitutional right to counsel. *Custer*, 2019 IL 123339, ¶ 30.

¶ 39        To that end, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) mandates certain duties postconviction counsel must undertake at the second stage of proceedings. See *People v. Jackson*, 2021 IL App (1st) 190263, ¶ 42. Appointed counsel must consult with the defendant, examine the record of trial proceedings, make any necessary amendments to the petition, and file a certificate indicating compliance with the rule. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *People v. Cotto*, 2016 IL 119006, ¶ 27. The "primary purpose" of the Rule "is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *People v. Kuehner*, 2015 IL 117695, ¶ 20 (quoting *People v. Perkins*, 229 Ill. 2d 34, 43-44 (2007)).

¶ 40        While we express no opinion on the legal merits of defendant's contentions regarding his age and that his firearm lacked a firing pin, we find it troubling that the matters were not addressed by postconviction counsel or the State. In particular, defendant clearly challenges whether the firearm at issue satisfies the definition of "firearm" under the statute governing defendant's conviction, as the firearm lacked a firing pin and, thus, was inoperable. See *People v. McCarty*, 94 Ill. 2d 28, 38 (1983) ("[J]urisdiction is lacking where the circumstances alleged do not constitute the offense charged as it is defined in the statute and nothing short of alleging entirely different facts could cure the defect."); *see also*, *People v. Kayer*, 2013 IL App (4th) 120028, ¶ 9 (*quoting*

*McCarty*, 94 Ill. 2d at 38) (" 'The effect of a plea of guilty is a record admission of whatever is well alleged in the indictment. If the latter is insufficient [the plea] confesses nothing.' "). Nevertheless, on remand it is the duty of postconviction counsel to ultimately determine whether this issue is suitable for an expanded argument and address the argument unless he or she determines that the issue is without merit. As noted, postconviction counsel has a duty to at least attempt to present or shape defendant's claims in order to satisfy Rule 651(c). See *id.*; *see also*, *Collins*, 2021 IL App (1st) 170597, ¶ 49. We must consider this a cautionary tale for both the State and defense counsel to learn all the facts relevant to a defendant's conviction both during the underlying case and postconviction proceedings. In particular, postconviction counsel always has the duty to scrutinize the petition and consult with the defendant in order to ensure that the petition includes the claims that the defendant wished to raise during the postconviction proceedings. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 41                                                III. CONCLUSION

¶ 42        For the foregoing reasons, we reverse the judgment of the circuit court, and remand the matter for further second-stage postconviction proceedings.

¶ 43        Reversed and remanded.

¶ 44        JUSTICE GAMRATH, specially concurring:

¶ 45        I concur and agree remand is appropriate. However, I do not join paragraphs 37 and 40 of the majority's decision for two reasons. First, Tribble has not raised on appeal the issue of the firing pin; neither should we, *sua sponte.* Second, I submit that postconviction counsel did not "ignore" the firing pin issue but recognized the frivolity of it.

¶ 46        Tribble's *pro se* postconviction petition raises a sufficiency-of-evidence argument about the firing pin. This does not give rise to a constitutional or jurisdictional claim. The cases cited in

paragraph 40 are inapplicable, as they both involve a defect in the charging instrument, which affected subject matter jurisdiction. While I appreciate the majority's thorough analysis, nothing here suggests Tribble was invalidly charged with a crime based on a flaw in the charging instrument. Accordingly, I disagree that further consideration of the firing pin issue is appropriate on remand.